# United States District Court

------- DISTRICT OF SOUTH DAKOTA -------

FILED
JUN 14 2005
[signature] CLERK

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

HECTOR JASSIEL GARCIA-VALENIO,
a/k/a Hector Valerio,

        Defendant.

**ORDER OF DETENTION**

CASE NUMBER: CR. 05-M29

    This matter came before the court for an initial appearance, preliminary examination and detention hearing on a Complaint in the above matter on Tuesday, June 14, 2005. The defendant appeared in person and by his counsel, Assistant Federal Public Defender Bill Delaney. The United States appeared by Assistant United States Attorney, John Ulrich.

    In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

[X]  (1)    There is a serious risk that the defendant will not appear.

[ ]  (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

    I find that the credible testimony and information submitted at the hearing establishes that:

    Defendant is charged in the Complaint with possession of fraudulent Social Security card in violation of 42 U.S.C. §408(a)(7)(B) and use of a fraudulent identification document in violation of 18 U.S.C. §1546(b)(1). A preliminary examination was held and probable cause exists to bind Defendant over for further proceedings.

    Based on the testimony of BICE Agent Craig Scherer, the information contained in the pretrial services report, defendant's lack of ties to this community, his inability to legally work in this country, and the possible penalties resulting from these charges, including deportation, I find by a preponderance of the evidence that there is no condition of release or combination of conditions of release that will reasonably assure the defendant's presence at further proceedings and trial in this matter.

In reaching these decisions, I have considered:

(1)  the nature and circumstances of the offense charged;

(2)  the weight of the evidence against the defendant;

(3)  the defendant's history and personal characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in this community, community ties, past conduct, criminal history, as well as court appearance record; and

(4)  the nature and seriousness of the danger posed to other persons in the community if defendant were to be released.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 14, 2005

John E. Simko, United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _Shelly Margulies_, Deputy

(SEAL)